UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VERNELL LEWIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-06-067 |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner, Social | § | |
| Security Administration, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the court on Plaintiff Vernell Lewis's motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (Dkt. 18). Plaintiff's motion is well-founded and is granted.[1]

On March 29, 2007, this court granted plaintiff's motion for summary judgment and remanded this case to the commission for further proceedings. Lewis's counsel now requests an award of $9,971.00 for attorney's fees for 62.85 hours of work.

"The EAJA, 28 U.S.C. § 2412(d)(1)(A), requires an award of attorney's fees to a claimant against the Government if: (1) the claimant is a 'prevailing party'; (2) the Government's position was not 'substantially justified'; and (3) there are no special circumstances making the award unjust." *Davidson v. Veneman*, 317 F.3d 503, 506 (5th Cir.

---

[1] Plaintiff's motion may be considered as unopposed because the Commissioner's response (Dkt. 23) was untimely. *See* LOC. R. S.D. TEX. 7.3, 7.4. Nonetheless, the court has reviewed plaintiff's motion on its merits.

2003) (citations omitted). The court has discretion in determining the amount of a fee award, including the reasonableness of the hours claimed by the prevailing party. *See Hensley v. Eckerhart*, 461 U.S. 424, 433-37 (1983); *see also Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 161 (1990) (*Hensley* standard applies to EAJA fee requests).

There is no dispute in this case that Lewis's counsel is entitled to an award of attorney's fees. The Commissioner, however, objects that the amount of fees counsel requests is excessive. The Commissioner does not object to counsel's hourly rate,[2] but to the number of hours expended.

Plaintiff's counsel has submitted an itemized statement of attorney time as required by 28 U.S.C. § 2412(d)(1)(B). The court should exclude from any award hours not "reasonably expended," that is to say, those hours that are excessive, redundant, or unnecessary, and those hours that would not be properly billed to one's client in a private setting *Hensley*, 461 U.S. at 434. The applicant bears the burden of proof to show the reasonableness of the number of hours. *Leroy v. City of Houston*, 831 F.2d 576, 586 (5th Cir. 1987).

The court finds that the number of hours for which plaintiff's counsel seeks fees is reasonable under the circumstances of this case. *See, e.g., Rodriquez v. Bowen*, 865 F.2d

---

[2]  EAJA fees are generally determined by the time expended and the attorney's hourly rate, capped at $125 per hour. *See* 28 U.S.C. §§ 2412(d)(1)(B), 2412(d)(2)(A). A higher fee may be awarded based on an increase in the cost of living after the March 29, 1996 effective date of the EAJA. 28 U.S.C. § 2412(d)(2)(A)(ii). Based on the Consumer Price Index, Plaintiff's counsel seeks fees at the enhanced rate of $156.36 for 2005, $159.54 for 2006, and $160.00 for 2007.

739, 747 n.4 (6th Cir. 1989) (*en banc*) (citing an "in-house" survey encompassing seven years of data that the average number of hours asserted in fee petitions was 37.3); *Nugent v. Massanari*, 2002 WL 356656, at *2 (N.D. Ca. 2002) (reviewing EAJA cases suggesting the borderline for reasonableness is in the forty-hour range); *Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 n.2 (C.D. Ca. 2000) (surveying numerous cases suggesting a customary range between twenty and fifty hours); *Hardy v. Callahan*, 1997 WL 470355, at *9 n.10 (E.D. Tex. 1997) (awarding fees for forty hours rather than the requested 58.5 because the case did not involve any factually or legally complex issues, and explaining that forty hours is an appropriate average); *Hutchinson v. Chater*, 1996 WL 699695, at *3 (D. Kan. 1996) ("The typical EAJA fee application in social security cases claims between thirty and forty hours"); *Pribek v. Secretary, Dep't of Health & Human Servs.*, 717 F. Supp. 73, 75 (W.D.N.Y. 1989) (forty hours adequately reflects a reasonable expenditure of time on an unextraordinary case); *DiGennaro v. Bowen*, 666 F. Supp. 426, 433 (E.D.N.Y. 1987) (compensated hours generally range from twenty to forty hours); *see also Commissioner, I.N.S v. Jean*, 496 U.S. 154, 161 n.9 (out of 502 fee applications under the EAJA in 1989, 413 were granted, averaging around $4,482.00 per award). While 62.85 hours is higher than the average in the cases cited above, the circumstances of this case justify the higher than normal number of hours.

The administrative record is particularly lengthy because of the extensive administrative history of this case, as well as plaintiff's voluminous medical records. Plaintiff was required to provide specific citation to evidence in this extensive record, which

includes the transcripts of two hearings, requiring more hours than might normally be expected for preparation of a complaint and briefing.  Moreover, in August 2006, the court ordered additional briefing due to the cursory nature of the Commissioner's briefing.  Further adding to the hours expended in this case, the court held a hearing on March 20, 2007, at which plaintiff's counsel appeared in person and argued.  The court overrules the Commissioner's objection that plaintiff's counsel's hours are unreasonable.[3]

The Commissioner also objects that 1.35 hours of work performed by plaintiff's counsel on December 30, 2005, January 20, 2006, and April 23, 2007 should have been performed by a secretary or at least not billed at counsel's usual rate.  However, the Commissioner provides no authority for its contention that filing documents with the court and arranging for issuance of a summons are "clerical duties" for which plaintiff is not entitled to compensation in the Fifth Circuit.  *See Jones v. Armstrong Cork Co.*, 630 F.2d 324, 325 (5th Cir. 1980) (disallowing recovery of paralegal expenses where there was no evidence that paralegal performed anything other than clerical duties); *Allen v. U.S. Steel Corp.*, 665 F.2d 689, 697 (5th Cir. 1982) (paralegal expenses are not "costs" but may be awarded as attorney's fees to the extent the paralegal performs work traditionally done by an attorney; otherwise such expenses are unrecoverable overhead costs).

---

[3] The Commissioner specifically objects to plaintiff's requests for December 13, 15, 20 and 27, 2005, March 22-24, 2006, May 9 and 11, 2006, June 13, 27 and 29, 2006, and September 25, and 27-29, 2006 for this type of work.

For the reasons state above, the court grants plaintiff's motion (Dkt. 22) for an award of $9,971.00 as attorney's fees.

The court will issue a separate final judgment in this amount.

Signed at Houston, Texas on May 17, 2007.

Stephen Wm Smith
United States Magistrate Judge